## J. C. YOUTSEY v. LEONARD TRAP.

**Corporations—Personal Liability of Director Who Signs Company's Note as Such Officer—Joint and Several Liability.**

Where a note is signed by the obligors as president and directors of a corporation, and in the body of the note the parties jointly and severally agree to pay the money, and there being nothing pointing to the funds of the corporation as the source from which the obligee was to derive his money, they are jointly and severally liable. But where there is no joint and several obligation to pay, and the face of the instrument shows clearly that the intention was to bind the company only, and the instrument points directly to the revenue of the corporation as the source from which the money is to be derived, there is no individual liability on the officer.

APPEAL FROM CAMPBELL CIRCUIT COURT.

January 15, 1872.

OPINION BY JUDGE PRYOR:

The appellant on the 3d of August, 1864, executed to the appellee the following note, viz: We the president and board of directors of the Old State road and Bubble Creek Turnpike road company promise to pay to Leonard Trapp or order seven hundred and eighty-eight dollars and sixty cents to be due and payable on the 12th of October, 1867, all the resources and income of said road to be bound for the payment of the above note.

Signed,

JOHN C. YOUTSEY, Pres.,
JOSEPH WARREN,
JOHN BYRD,
WM. WARE,
JAMES SHAW,

Directors.

On this obligation suit was instituted by the appellee against the appellants and a personal judgment rendered by the court below, making them individually liable for the money. In the case of *Trask vs. Roberts,* 1 B. Monroe, page 201, the obligation to pay was signed by the obligors as President, and Trustees of the town of Harrodsburg, and in the body of the note, the parties jointly and severally agreed to pay the money. The court

in that opinion refer to the fact that the agreement to pay is not only joint but several, *also,* showing indirectly that they intended to make themselves individually liable for the debt. In that case it is also said that there was nothing pointing to the funds of the town as the source from which the obligee was to derive his money. The case of *Whiting vs. Suddeth,* 2 Metcalfe, is analogous to the case of *Trask vs. Roberts.* The obligations in those two cases are unlike the one upon which this suit is instituted. In the present case, there is no *joint* and *several* obligation to pay and the face of the instrument evidencing clearly an intention to bind the obligors as president and directors of the turnpike road company only. The obligation is not only signed by the parties as president and directors of the company but the instrument itself points directly to the sources from which the money is realized, viz: revenues of the incomes of the road. A several liability must of necessity be personal, but here is a joint undertaking. We promise to pay, etc., and the income and revenues of the road to be bound for the payments for the note. We are of the opinion that these parties are not individually liable and that the corporation alone is responsible to the appellant. *Yowell vs. Dodd,* 3 Bush, page 581.

The judgment of the court below is reversed and cause remanded for further proceedings not inconsistent with the opinion.

*Stevenson, Myers, for appellant.*