# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2635

_____

| | | |
|---|---|---|
| Marlene Westerfeld, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Independent Processing, LLC; | * | District Court for the |
| | * | Eastern District of Missouri. |
| Defendant, | * | |
| | * | |
| Provident Funding Associates, LP, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 7, 2010
Filed: September 20, 2010

_____

Before SMITH, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Marlene Westerfeld, a Missouri resident, filed this class action in Missouri state court against Independent Processing, LLC, a Missouri limited liability company that processed residential mortgage documents, and Provident Funding Associates, LP, a California limited partnership that provided residential mortgages. Westerfeld alleged that when Independent and Provident charged her and other Missouri residents a "broker processing fee" and an "administrative fee," respectively, in residential

mortgage financing transactions, the two entities engaged in the unauthorized practice of law and violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.010–407.1500. Provident removed the case to federal court pursuant to the Class Action Fairness Act of 2005 (CAFA).[1] Westerfeld then moved to remand the case based on an exception to CAFA jurisdiction, the local-controversy exception, 28 U.S.C. § 1332(d)(4)(A). The District Court granted Westerfeld's motion, ordering the case remanded to the Circuit Court of St. Louis County. Provident filed a timely petition with this Court under 28 U.S.C. § 1453(c)(1) for leave to appeal the District Court's remand order. We granted Provident's motion, and reviewing the District Court's interpretation of CAFA de novo, see Iowa 80 Grp., Inc. v. IRS, 406 F.3d 950, 952 (8th Cir. 2005) (standard of review), we now vacate the judgment of the District Court and remand the case for further consideration consistent with this opinion.

Because of perceived "abuses of the class action device," Congress enacted CAFA to provide, inter alia, for "Federal court consideration of interstate cases of national importance." Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 2, 119 Stat. 4. Accordingly, CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction. See S. Rep. No. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41 (CAFA "is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). "The language and structure of CAFA . . . indicate[] that Congress contemplated broad federal court jurisdiction with only narrow exceptions." Evans v. Walter Indus., 449 F.3d 1159, 1164 (11th Cir. 2006) (citation omitted); see S. Rep. No. 109-14, at 39, reprinted in 2005 U.S.C.C.A.N. 3, 38 (emphasizing that the local-controversy exception to CAFA

---

[1]Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.).

jurisdiction "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole").

Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in the aggregate; there is minimal (as opposed to complete) diversity among the parties, i.e., any class member and any defendant are citizens of different states; and there are at least 100 members in the class. 28 U.S.C. § 1332(d). Despite this broad grant of jurisdiction, Congress established two mandatory exceptions to federal jurisdiction under CAFA, only one of which is relevant here. Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, the principal injuries were incurred in the state in which the action was filed, and no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action. 28 U.S.C. § 1332(d)(4)(A).

Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151 (3d Cir. 2009); Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007); Evans, 449 F.3d at 1164. Once CAFA's initial jurisdictional requirements have been established by the party seeking removal, however, the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies. Serrano, 478 F.3d at 1024 ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the

applicability of any express statutory exception . . . ."); Kaufman, 561 F.3d at 154 (same); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 681 (7th Cir. 2006) (same); Frazier v. Pioneer Ams. LLC, 455 F.3d 542, 546 (5th Cir. 2006) (same) (citing Evans); Evans, 449 F.3d at 1164 (same).

Here, Provident bore the initial burden of establishing that CAFA's fundamental jurisdictional requirements were met, and the District Court so stated, noting correctly that "[t]he party seeking removal . . . has the burden to establish federal subject matter jurisdiction." Mem. & Order of June 17, 2010, at 3. After discussing the application of the local-controversy exception, however, the court stated that "[e]ven if [application of the exception] was not as clear as it is, any doubt . . . must be resolved in favor of remand." Id. at 6. Provident argues that this was a misstatement of the law, and we agree. Once Provident satisfied CAFA's basic jurisdictional requirements (and Westerfeld does not contend on appeal that Provident failed to do so), the burden shifted to Westerfeld to establish that CAFA's local-controversy exception applied. The District Court erred by resolving any doubt regarding applicability of the local-controversy exception in favor of remand, i.e., in favor of Westerfeld, the party who was invoking the exception to federal jurisdiction and the party who was required to establish that the exception applied. We agree with Provident that the party bearing the burden of proof is not entitled to the benefit of the doubt. On remand, the District Court should resolve any doubt about the applicability of CAFA's local-controversy exception against Westerfeld, the party who seeks remand and the party who bears the burden of establishing that the exception applies.

Provident next argues that the District Court erred in concluding that CAFA's local-controversy exception precluded the court's exercise of federal jurisdiction over the action. The local-controversy exception requires, as relevant here, that an in-state defendant—in this case, Independent—be a so-called "significant" defendant, one "from whom significant relief is sought by members of the plaintiff class" and one

-4-

"whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) & (bb).

In her amended complaint, Westerfeld asserted two state-law claims against Independent and two identical state-law claims against Provident on behalf of two separate plaintiff classes. Specifically, in Counts I and II of her amended complaint, Westerfeld asserted state-law claims against Independent and requested certification of a plaintiff class against Independent. In Counts III and IV, she asserted identical state-law claims against Provident and requested certification of a separate plaintiff class against Provident. After Provident removed the action, Westerfeld filed her motion to remand, arguing that the District Court was prohibited from exercising jurisdiction over the action by virtue of CAFA's local-controversy exception.

Provident opposed remand, arguing that the local-controversy exception did not apply because Independent, the in-state defendant, did not qualify as a significant defendant under the exception. In support of its argument, Provident submitted the declaration of Independent's sole proprietor, who stated that Independent provided services in connection with only 56 loans in Missouri, as well as the declaration of its own compliance manager, who stated that Provident had originated 3,894 loans in Missouri. Based on this information and the dollar amount of the contested fees paid by Westerfeld, Provident estimated that Independent charged $16,800 and Provident charged $2.7 million in contested fees.[2] Provident urged the District Court to determine whether Independent was a significant defendant under CAFA by considering the class action as a whole and not by considering the claims on a class-by-class basis. According to Provident's preferred analysis, because Independent "participated in less than 1.5% of the loans at issue, and generated six tenths of one

---

[2]Westerfeld does not dispute that Provident satisfied its burden to establish CAFA's $5,000,000 amount-in-controversy requirement—Westerfeld sought actual damages, treble damages, punitive damages, and statutory attorney fees—and we need not discuss the issue in further detail.

percent of the fees," Br. of Appellant at 15, Westerfeld was not seeking significant relief from Independent, Independent's conduct did not form a significant basis for Westerfeld's claims, Independent did not qualify as a significant defendant, and thus the local-controversy exception did not apply to defeat federal jurisdiction.

The District Court rejected Provident's arguments, concluding that because Westerfeld filed her claims against Independent "as an individual class," Independent was necessarily a significant defendant with respect to the claims asserted against it. Mem. & Order of June 17, 2010, at 6. Adopting Westerfeld's argument, the court concluded that because the plain language of 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) and (bb) refers to *the* plaintiff class and *the* proposed plaintiff class, respectively, whether a defendant is significant for purposes of the exception must be determined by reference to "only one plaintiff class (rather than an aggregate of all the classes in a lawsuit)." Id. The court analyzed the significant defendant issue separately for each class defined by Westerfeld and, not surprisingly, concluded that with respect to Counts I and II, each of which defined a class and asserted claims against Independent alone, Independent was a significant defendant. Thus the court ruled that the local-controversy exception applied and the case had to be remanded.

While "the starting point for interpreting a statute is the language of the statute itself," Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980), federal courts engaging in statutory construction must "interpret the words of the[] statute[] in light of the purposes Congress sought to serve." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 608 (1979), quoted in Norfolk Redev. & Hous. Auth. v. Chesapeake & Potomac Tel. Co., 464 U.S. 30, 36 (1983). Our task, therefore, is to avoid interpreting a statute in a manner that renders any section of the statute superfluous or fails to give effect to all of the words used by Congress. Windsor on the River Assocs. v. Balcor Real Estate Fin., Inc., 7 F.3d 127, 130 (8th Cir. 1993).

"Class" is defined under CAFA as "*all* of the class members in *a* class action." 28 U.S.C. § 1332(d)(1)(A) (emphasis added). By definition, therefore, "the plaintiff *class*" described in § 1332(d)(4)(A)(i)(II)(aa) (emphasis added) and "the proposed plaintiff *class*" described in § 1332(d)(4)(A)(i)(II)(bb) (emphasis added) include *all* of the class members in the class action *as a whole*. It follows, then, that whether an in-state defendant is a significant defendant for purposes of the local-controversy exception must be determined by considering the claims of "all of the class members in [the] class action" and not by considering the claims of class members on a class-by-class basis.

In Kaufman, the Third Circuit analyzed the "significant basis" element of the local-controversy exception and stated, "Whether the [in-state] defendant's alleged conduct is significant cannot be decided without comparing it to the alleged conduct of all the Defendants. . . . The local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." 561 F.3d at 157. We believe this is the better reading of the statute. The District Court's construction of the significant defendant requirement essentially strips the requirement of any substantive meaning—if an in-state defendant's significance is determined on a class-by-class basis, the in-state defendant will *always* be significant with respect to the classes and the claims asserted against it. This reading of the local-controversy exception would allow class-action plaintiffs to avoid federal jurisdiction under CAFA simply by pleading their claims against an in-state defendant as separate counts on behalf of a separate class. We cannot conceive that Congress intended this result—particularly given its admonition that the local-controversy exception was "a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." S. Rep. No. 109-14, at 39, reprinted in 2005 U.S.C.C.A.N. 3, 38. Accordingly, we conclude that the District Court erred in ruling that CAFA's local-controversy exception applied in this case to preclude federal jurisdiction. On remand the court should determine whether Independent is a significant defendant for

purposes of the local-controversy exception by considering all the claims in the action and not by considering the claims on a class-by-class basis.

For the foregoing reasons, the judgment of the District Court is vacated and the case is remanded for further consideration consistent with this opinion.

_____