# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1152

_____

Douglas E. Atwood, Individually and on behalf of others similarly situated

*Plaintiff - Appellant*

v.

Stephen J. Peterson; Michelle Brooks; Walgreen Co.

*Defendants - Appellees*

------------------------------

Arkansas Grocers & Retail Merchants Association

*Amicus on Behalf of Appellee(s)*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 19, 2019
Filed: August 30, 2019
[Published]

_____

Before LOKEN and WOLLMAN, Circuit Judges.[1]

———————

PER CURIAM.

Arkansas citizen Douglas E. Atwood filed a class action complaint in state court against Walgreen Company (Walgreens), an Illinois corporation, and Stephen J. Peterson and Michelle Brooks, who are Arkansas citizens and who serve as the district managers responsible for the forty-three Walgreens stores located in Arkansas. Atwood claimed that the Walgreens Balance Rewards program (the program) violated Arkansas's statutory prohibition on price discrimination in the sale of manufactured products. The defendants removed the case to federal district court, alleging jurisdiction under the Class Action Fairness Act of 2005 (CAFA). Atwood moved to remand based on the local controversy exception to CAFA jurisdiction. The district court[2] denied Atwood's motion to remand and later granted the defendants' motion to dismiss. Atwood appeals, arguing that the court erred in considering extrinsic evidence to decide whether it had jurisdiction, in denying his motion to remand, and in dismissing his complaint on the merits. We affirm.

———————

[1]This case was originally submitted on September 22, 2016, to a panel consisting of Judges Wollman, Bright, and Kelly. Judge Bright died on December 12, 2016. The remaining judges on the panel requested the designation of a third judge, and Judge Loken was so designated. This case was resubmitted to a panel consisting of Judges Wollman, Loken, and Kelly on March 3, 2017. Judge Kelly thereafter recused herself from further participation. The case was submitted for a third time on June 19, 2019, and this opinion is being filed by a panel consisting of Judges Wollman and Loken. See 8th Cir. R. 47E.

[2]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

Atwood alleged that the program was implemented in all Arkansas Walgreens stores in September 2012. Membership is free and does not require an initial purchase, but customers must provide identifying information, including their names, addresses, telephone numbers, and email addresses. After signing up, customers may use their rewards cards to receive discounts on certain products.

In April 2015, Atwood and another customer went to three different Arkansas Walgreens stores and purchased the same products. Atwood paid more for the products than the unidentified customer because he did not present a rewards card at checkout and the unidentified customer did. Based on those transactions, Atwood alleged that the program violated Arkansas Code § 4-75-501, which stated:[3]

> (a)  It shall be unlawful for any person, company, corporation, or association engaged in the sale of any manufactured product . . . to:
>
> (2)  Willfully refuse or fail to allow to any person . . . making purchases of the manufactured product . . . all rebates and discounts which are granted by them to other purchasers, for cash, of like quantities of the manufactured product . . . .

Although the complaint alleged damages and diversity of parties sufficient to establish federal jurisdiction under CAFA, see 28 U.S.C. § 1332(d)(2), Atwood asserted that the local controversy exception to CAFA jurisdiction applied, see id. § 1332(d)(4). Specifically, the complaint alleged that Arkansas citizens Peterson and Brooks implemented the unlawful program and that they were "independently and

---

[3]In 2017, the Arkansas General Assembly passed a bill entitled "An Act Concerning Arkansas Price Discrimination; to Allow Retailers to Offer Discounts to Customers; and to Declare an Emergency," which amended Arkansas Code § 4-75-501. The statute now explicitly allows discounts and rebates that are "offered without charge to all purchasers on an equal basis."

jointly and severally liable." Atwood claimed that the Arkansas district managers were significant defendants under CAFA because their conduct formed a "significant basis" for his claim and because he sought "significant relief" from them. See id. § 1332(d)(4)(A)(i)(II)(aa)-(bb).

Defendants were required to file a notice of removal under CAFA within "30 days after receipt . . . of the initial pleading." 28 U.S.C. § 1446(b)(2)(B). The defendants' timely notice of removal argued that the local controversy exception did not apply and that the district managers had been fraudulently joined to defeat diversity jurisdiction. In support, the defendants submitted affidavits from Peterson, Brooks, and a Walgreens vice president. The vice president averred that district managers do not decide which products to offer in the program, nor do they decide the extent of the discount. Those decisions, according to the vice president, are made at the corporate level, with the district managers having no discretion to vary the products or the prices. The district managers stated that they "receive[] pricing information directly from Walgreens corporate headquarters each week that lists the products to be included in the . . . program and the prices at which those products are to be offered."

In his motion to remand, Atwood reiterated his argument that federal jurisdiction under CAFA was precluded by the local controversy exception. He further argued that, in deciding whether to remand, the district court could consider only the allegations in the complaint and could not consider extrinsic evidence, such as the defendants' affidavits. During a hearing on the motion, plaintiff's counsel claimed that it did not matter whether Peterson and Brooks created the program or whether they had any discretion to vary the products or prices, arguing that the Arkansas statute imposed liability on them as persons "engaged in the sale" of manufactured products. Counsel acknowledged that the same theory of liability applied to both the district managers and to Walgreens, but argued that Peterson and

Brooks were nonetheless significant defendants because they could be held individually liable for all statutory violations.[4]

The district court overruled Atwood's objection to the consideration of extrinsic evidence and denied the motion to remand. It relied on the above-described affidavits in finding that the district managers were not significant defendants under CAFA and in concluding that they had been fraudulently joined in an attempt to defeat diversity jurisdiction. The court later granted the defendants' motion to dismiss, holding that the allegations set forth within the complaint did not fall within the scope of the Arkansas statute because Walgreens offered the discounted prices to Atwood, "but he refused to sign up for the free program, essentially declining the discounted price." D. Ct. Order of Dec. 14, 2015, at 3.

Congress enacted CAFA in 2005 to curb perceived "abuses of the class action device" by providing for "[f]ederal court consideration of interstate cases of national importance." Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) (quoting CAFA, Pub. L. No. 109-2, § 2, 119 Stat. 4 (2005)). Under CAFA, federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million in the aggregate, there is minimal diversity among the parties, and there are at least 100 members in the class. 28 U.S.C. § 1332(d). As mentioned above, there is no dispute that these requirements have been met.

---

[4]When asked which Walgreens employees were not "engaged in the sale" of manufactured products, counsel responded that although a person stocking shelves would not necessarily be liable under the statute, the cashier would be. Counsel argued that the district manager would also be liable, as the "person in charge of the stores telling the checker what to do." In a similar action claiming that a grocery chain's rewards program constituted price discrimination in violation of the statute at issue here, the Pulaski County Circuit Court dismissed the district manager defendants because they were not "engaged in the sale" of manufactured products.

Congress excepted local controversies from federal jurisdiction. Accordingly, a district court must decline to exercise jurisdiction over a class action in which (1) more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, (2) at least one defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is a citizen of the state in which the class action was originally filed, (3) the principal injuries were incurred in the state in which the action was filed, and (4) no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action. Id. § 1332(d)(4)(A).

The burden of establishing this narrow exception lies with the party seeking remand. Westerfeld, 621 F.3d at 822; see S. Rep. No. 109-14, at 39 (emphasizing that the local controversy exception to CAFA jurisdiction "is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole"). We review *de novo* the denial of a motion to remand to state court under CAFA. Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012). At issue here is whether Peterson and Brooks are significant defendants. See 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa)-(bb).

To determine whether the district managers' "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class," id. § 1332(d)(4)(A)(i)(II)(bb), we consider "all the claims in the action" and compare the alleged conduct of the local defendants to the alleged conduct of all the defendants, Westerfeld, 621 F.3d at 825. Atwood has alleged only one claim: that "[t]he Defendants instituted a Balance Rewards Card program in violation of Arkansas law" by "willfully refus[ing] or fail[ing] to allow Plaintiffs all rebates and discounts which were granted by Defendants to other [rewards card] purchasers."

Considering only the allegations in the complaint would not enable us to complete the comparative analysis required to determine whether the district managers' conduct forms a significant basis for Atwood's claim. Atwood argues that the district managers implemented the unlawful program, but the complaint does not allege any substantive distinctions between the conduct of the district managers and the conduct of Walgreens. Nor does the complaint allege that the district managers had discretion to decide whether or how the program was implemented. Rather, it alleges that the district managers acted on behalf of Walgreens, as its agents or officers, and that Walgreens "independently and by and through" the district managers violated Arkansas law. The complaint's vague allegations do not indicate whether the local defendants' alleged conduct is "an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." Westerfeld, 621 F.3d at 825 (quoting Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 157 (3d Cir. 2009)); see also S. Rep. No. 109-14, 40 ("[T]he Committee intends that the local defendant must be a primary focus of the plaintiffs' claims—not just a peripheral defendant.").

The affidavits make clear that "the real target in this action" is Walgreens and that the district managers' conduct does not form a significant basis for Atwood's claim. Cf. S. Rep. No. 109-14, 40 (explaining that in a consumer fraud case against an out-of-state insurance company and its local agent, the agent "would have been an isolated role player in the alleged scheme implemented by the insurance company"). Atwood argues that the plain language of CAFA disallows a district court from considering any extrinsic evidence in deciding whether the local defendants' alleged conduct forms a significant basis for the claim. We disagree with Atwood's contention that the term "alleged conduct" limits the district court to the allegations set forth in the complaint. We instead follow the longstanding rule that "when a question of the District Court's jurisdiction is raised, . . . the court may inquire by affidavits or otherwise, into the facts as they exist," and we hold that the district court did not err in considering the affidavits in this case. See Land v. Dollar, 330 U.S.

731, 735 n.4 (1947); Buckler v. United States, 919 F.3d 1038, 1044 (8th Cir. 2019) (explaining that "the court must rule upon the jurisdictional issue unless it is so bound up with the merits that a full trial on the merits may be necessary to resolve the issue") (internal quotation marks and alterations omitted)); see also Westerfeld, 621 F.3d at 823-25 (relying, in part, on the defendants' affidavits to hold that the district court erred in applying the local controversy exception); Evans v. Walter Indus., Inc., 449 F.3d 1159, 1167-68 (11th Cir. 2006) (considering extrinsic evidence in determining that the district court erred in applying the local controversy exception). In concluding that CAFA removal is not foreclosed by the complaint's conclusory allegations that the local defendants engaged in the same conduct as the diverse defendant, we respectfully disagree with the rulings to the contrary in Coleman v. Estes Express Lines, Inc., 631 F.3d 1010 (9th Cir. 2011). In light of our determination that the district managers' conduct did not form a significant basis for Atwood's claim, we conclude that Atwood has not met his burden of establishing that the local controversy exception to CAFA jurisdiction applies.[5]

We have considered and find to be lacking merit Atwood's argument that the district court was without jurisdiction to decide the merits of his case because he did not have Article III standing. Although the defendants had argued that any injury was caused by Atwood's choice not to participate in the program—and not by the alleged illegality of the program—"standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." Warth v. Seldin, 422 U.S. 490, 500 (1975).

Finally, Atwood argues that the district court erred in dismissing his complaint with prejudice. We held this appeal in abeyance pending the Arkansas Supreme Court's decision in Rhodes v. Kroger Co., which held that the defendant grocery

---

[5]We thus need not decide whether the plaintiff class sought significant relief from the district managers, whether the court erred in considering extrinsic evidence in concluding that the plaintiff class did not, or whether the local defendants were fraudulently joined.

chain's rewards program did not violate Arkansas Code § 4-75-501, because "it was only the named plaintiffs' willful refusal to take part in the Kroger Plus program that created the situation that is the primary focus of the class-action complaint." 575 S.W.3d 387, 392 (Ark. 2019). The Arkansas Supreme Court thus concluded that the plaintiffs had "failed to state a viable cause of action as a matter of law" and affirmed the dismissal of the complaint with prejudice. Id. We conclude that Rhodes applies with equal force in this case and thus forecloses Atwood's claim.

The judgment is affirmed.

_____