RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0078p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

BRIAN ADAMS, et al.,

*Plaintiffs-Appellees*,

*v.*

3M COMPANY, fka Minnesota Mining and Manufacturing Company,

*Defendant-Appellant*.

No. 23-5232

─────────────────

Appeal from the United States District Court for the Eastern District of Kentucky at Pikeville.
Nos. 7:21-cv-00082; 7:21-cv-00086—Robert E. Wier, District Judge.

Argued: April 18, 2023

Decided and Filed: April 19, 2023

Before: SUTTON, Chief Judge; NORRIS and McKEAGUE, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Michael A. Scodro, MAYER BROWN LLP, Chicago, Illinois, for Appellant. Michael B. Martin, MARTIN WALTON LAW FIRM, Friendswood, Texas, for Appellees. **ON BRIEF:** Michael A. Scodro, MAYER BROWN LLP, Chicago, Illinois, Evan M. Tager, MAYER BROWN LLP, Washington, D.C., Byron N. Miller, THOMPSON MILLER & SIMPSON PLC, Louisville, Kentucky, Bryant J. Spann, THOMAS COMBS & SPANN, Charleston, West Virginia, Margaret Oertling Cupples, James Stephen Fritz, Jr., BRADLEY ARANT BOULT CUMMINGS LLP, Jackson, Mississippi, Scott Burnett Smith, BRADLEY ARANT BOULT CUMMINGS LLP, Huntsville, Alabama, Timothy Rodriguez, BRADLEY ARANT BOULT CUMMINGS LLP, Nashville, Tennessee, for Appellant. Michael B. Martin, MARTIN WALTON LAW FIRM, Friendswood, Texas, Johnny Givens, GIVENS LAW FIRM, PLLC, Ridgeland, Mississippi, for Appellees. John H. Beisner, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Washington, D.C., for Amicus Curiae.

---

**OPINION**

---

SUTTON, Chief Judge.  The Class Action Fairness Act of 2005, often called CAFA, extends federal diversity jurisdiction to certain "mass action[s]" involving "100 or more persons."  28 U.S.C. § 1332(d)(11)(B)(i).  At issue is whether two state-court complaints, each joining more than 100 plaintiffs, qualify as CAFA mass actions.  We conclude that they do and reverse the district court's contrary determination.

Brian Adams and Charles Mounts mined coal in Kentucky.  Both wore respirators to protect their lungs from coal dust.  Both nevertheless developed pneumoconiosis, a disease caused by inhaled dust particles.

Adams and Mounts sued 3M along with some other respirator manufacturers and distributors.  They alleged that 3M and the other manufacturers, all out-of-state corporations, made defective respirators; that various Kentucky retailers distributed them; and that they contracted pneumoconiosis as a result.  Adams' complaint named more than 400 co-plaintiffs, demanded "judgment" against all defendants "jointly, severally, and/or individually," and sought "a trial by jury on all issues so triable."  RA.1-1 at 273.  Mounts' complaint named more than 300 co-plaintiffs and mirrored Adams' in substance.

3M removed the cases to federal court on CAFA, federal question, and diversity grounds.  The district court remanded them to state court.  3M sought leave to appeal, *see* 28 U.S.C. § 1453(c)(1), and we granted its petition for review, *In re 3M Co.*, No. 22-0505 (6th Cir. Mar. 23, 2023) (order).

We have jurisdiction over this interlocutory appeal.  Under § 1453(c)(1), "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action."  For purposes of the section, "a mass action shall be deemed to be a class action."  28 U.S.C. § 1332(d)(11)(A).

As to the merits, CAFA in relevant part permits removal of "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.* § 1332(d)(11)(B)(i). All agree that the *Adams* and *Mounts* lawsuits qualify as "civil action[s]" and seek "monetary relief." *Id.* That leaves one question: Have Adams and Mounts "proposed" to "tr[y]" "claims of 100 or more persons . . . jointly on the ground that" the claims "involve common questions of law or fact"? *Id.*

The miners' complaints did just that. Start with the first phrase. A litigant "propose[s]" to try claims "jointly" if he offers to try them through a common judicial process. Black's Law Dictionary 854, 1255 (8th ed. 2004) (defining "proposal" as "[s]omething offered for consideration or acceptance" and "joint" as "common to or shared by two or more persons or entities"); *accord* American Heritage Dictionary 944, 1406 (4th ed. 2000); Webster's Third New Int'l Dictionary 1219, 1819 (2002). In Kentucky, as elsewhere, claims presented in a single complaint proceed through a common trial process absent an order to the contrary. *See, e.g.*, Ky. R. Civ. P. 20.02, 42.02; *Island Creek Coal Co. v. Rodgers*, 644 S.W.2d 339, 348–49 (Ky. Ct. App. 1982). As a result, when Adams and Mounts each filed complaints with more than 100 co-plaintiffs, they offered to try their co-plaintiffs' claims jointly. *See In re Abbott Lab'ys, Inc.*, 698 F.3d 568, 572 (7th Cir. 2012) ("[O]ne complaint implicitly proposes one trial . . . ."). Confirming the point, both complaints sought "a trial by jury" and a singular "judgment," not multiple jury trials and multiple judgments. RA.1-1 at 273; RM.1-1 at 51.

Turn to the second phrase. A litigant proposes a joint trial "on the ground[s] . . . [of] common questions of law or fact" when he offers, as a basis or reason for joint proceedings, the contention that the claims involve common questions. *See Ground*, Black's Law Dictionary at 723 ("The reason or point that something (as a legal claim or argument) relies on for validity . . . ."); *accord Grounds*, American Heritage Dictionary at 775; *Ground*, Webster's Third New Int'l Dictionary at 1002. Under Kentucky's permissive joinder rules, a complaint may join multiple plaintiffs in a single action when there is "[a] question of law or fact" that is "common to all" the plaintiffs' cases. Ky. R. Civ. P. 20.01. By filing a complaint predicated on a

"common" "question of law or fact," *id.*, Adams and Mounts thus offered the presence of common questions as a "ground" for pursuing a joint trial, 28 U.S.C. § 1332(d)(11)(B)(i).

Context confirms this interpretation. CAFA targets putative class actions and lawsuits that resemble them—"mass actions" in short. *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 173–74 (2014). Lawsuits like the miners' complaints fit the bill. They assert parallel claims on behalf of more than 100 plaintiffs, all proceeding on the theory that the claims are similar enough to merit adjudication in tandem. It should not come as a surprise that CAFA covers them.

Background principles of interpretation bolster this conclusion. The Supreme Court has long construed jurisdictional statutes like CAFA to establish "simple" bright-line rules. *Hertz Corp. v. Friend*, 559 U.S. 77, 94–95 (2010); *see Sisson v. Ruby*, 497 U.S. 358, 375 (1990) (Scalia, J., concurring in judgment) (eschewing "the sort of vague boundary that is to be avoided in the area of subject-matter jurisdiction wherever possible"). Taking the complaints and what they propose at face value comports with Congress's and the Court's preference for clear jurisdictional lines. *See Hood*, 571 U.S. at 171–73 (explaining that Congress sought to avoid "unwieldy inquiries" when assessing CAFA jurisdiction).

Every circuit to consider the question agrees. "Where a single complaint joins more than 100 separate claims involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial." *Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 329 (3d Cir. 2017); *see Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 585–89 (5th Cir. 2018); *Abbott Lab'ys*, 698 F.3d at 572; *Atwell v. Bos. Sci. Corp.*, 740 F.3d 1160, 1163–66 (8th Cir. 2013); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013); *Scimone v. Carnival Corp.*, 720 F.3d 876, 881–82 (11th Cir. 2013); *cf. Parson v. Johnson & Johnson*, 749 F.3d 879, 888 & n.4 (10th Cir. 2014) (suggesting the same); *accord* 2 William B. Rubenstein, *Newberg & Rubenstein on Class Actions* § 6:25 (6th ed. 2022).

The miners respond that, under Kentucky or federal law, their cases may not ultimately involve common questions of law or fact. *See* Ky. R. Civ. P. 20.01; Fed. R. Civ. P. 20(a)(1)(B), 23(a)(2). But at most this suggests they might have made an unwarranted proposal for a joint

trial grounded on common questions. Still, an unwarranted proposal remains a proposal. *See Visendi*, 733 F.3d at 867–71. Nor does it matter that a joint trial may never result, perhaps even on 3M's motion to bifurcate or sever. *See* Ky. R. Civ. P. 42.02. That possibility suggests that a Kentucky court might eventually decline a proposal for a joint trial, not that Adams or Mounts did not offer one.

The miners add that their counsel sought individual rather than joint trials in a similar case. But that case is not this case. Here, Adams and Mounts each filed a complaint joining more than 100 co-plaintiffs and seeking "a" jury trial. RA.1-1 at 273; RM.1-1 at 51. Any "nonbinding" implication, suggestion, or even promise that they seek only individual trials— which judicial experience teaches is easy to make but harder to keep—does not defeat federal jurisdiction. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594–95 (2013); *see also Ramirez*, 852 F.3d at 327 (requiring an "explicit and unambiguous disclaimer" of a joint trial). Plus, to repeat, jurisdictional rules should be "simple." *Hertz*, 559 U.S. at 95. Requiring district courts to divine counsels' unexpressed intentions and compare different cases' trial-management plans would be anything but. *Cf. Hood*, 571 U.S. at 171–73.

For similar reasons, it does not matter that Adams' and Mounts' complaints sought judgment "jointly, severally, and/or individually" against the defendants. RA.1-1 at 273; RM.1-1 at 51. That speaks to each defendant's liability on a judgment—will it be "joint," "several," or "individual[]"?—not to the presence of a joint trial demand. *See Youtsey v. Trap*, 5 Ky. Op. 426, 427 (1872) (distinguishing forms of co-defendant liability).

It also does not matter that federalism concerns premised on a "[d]ue regard for the rightful independence of state governments" generally cut against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quotation omitted). Once Congress exercised its enumerated powers in this area, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). CAFA, moreover, leaves state courts plenty of room to operate. Plaintiffs may avoid removal "by filing separate complaints naming less than 100 plaintiffs and by not moving for or otherwise proposing joint trial in the state court." *Scimone*, 720 F.3d at 884.

In the alternative, Adams and Mounts urge us to affirm the remand order under CAFA's "local controversy" exception. *See* 28 U.S.C. § 1332(d)(4). But for the exception to apply, the miners must show that a Kentucky defendant's conduct "forms a significant basis for the[ir] claims." *Id.*; *see Mason v. Lockwood, Andrews & Newman, P.C.*, 842 F.3d 383, 388, 395–97 (6th Cir. 2016). In *Mason*, we found this hurdle cleared where residents of Flint, Michigan sued a local engineering firm that redesigned Flint's water treatment plant without "quality control." *Id.* at 387, 393–97. That is a distant cry from today's allegations. The "core" of the miners' complaints alleges that 3M (and other out-of-state defendants), designed, manufactured, and sold defective respirators, then lied about their faults. *Id.* at 396. 3M, in other words, is the "real target in this action." *Atwood v. Peterson*, 936 F.3d 835, 840 (8th Cir. 2019) (per curiam) (quotation omitted); *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017) (focusing on the "gravamen of [the] action").

The miners, to be sure, add that Kentucky merchants sold the respirators, perhaps negligently or recklessly. But they have offered no reason for thinking that the merchants' liability is anything but derivative of 3M's liability. A jury, for example, would be unlikely to find the merchants liable without also finding 3M liable. *See Mason*, 842 F.3d at 396; *accord Kitchin v. Bridgeton Landfill, LLC*, 3 F.4th 1089, 1094–95 (8th Cir. 2021) (finding allegation that local defendants engaged in the same conduct as foreign defendants insufficient to show significance). All told, we cannot conclude that this controversy is local.

We reverse and remand.