# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2014

Lyle W. Cayce
Clerk

No. 14-30735

CEDAR LODGE PLANTATION, L.L.C.; PHILLIPS C. WITTER, Individually and on behalf of all similarly situated persons,

Plaintiffs – Appellees

v.

CSHV FAIRWAY VIEW I, L.L.C.; CSHV FAIRWAY VIEW II, L.L.C.; CAMPUS ADVANTAGE, INCORPORATED,

Defendants – Appellants

Appeal from the United States District Court
for the Middle District of Louisiana

Before JOLLY, JONES, and HIGGINSON, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Plaintiffs-Appellees (collectively, "Cedar Lodge") first brought their proposed class action against a group of apartment-owning and managing entities ("Fairway Defendants") in Louisiana state court. The Fairway Defendants removed the case to federal court under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d). Cedar Lodge then amended the complaint to add Sewer Treatment Specialists, L.L.C. ("STS"), a Louisiana citizen, as a defendant. With the addition of STS as a "significant local defendant," Cedar Lodge moved to remand the case to state court, arguing that the "local controversy exception" to CAFA jurisdiction applied. 28 U.S.C. § 1332(d)(4)(A).

No. 14-30735

The district court[1] agreed and remanded. We granted the Fairway Defendants permission to appeal the remand order. 28 U.S.C. § 1453(c). We now hold that the application of the local controversy exception depends on the pleadings at the time the class action is removed, not on an amended complaint filed after removal. Accordingly, we REVERSE the district court and REMAND the case for further proceedings in federal court.

Cedar Lodge purports to represent a class of individuals and entities who are living or have lived at the Fairway View Apartments in Baton Rouge, or who work or own property or a business in the immediate vicinity of the apartment complex. In its initial complaint, Cedar Lodge alleged that the Fairway Defendants exposed them to harm caused by underground sewage leaks that discharged higher than permitted levels of contaminants and hazardous substances. The amended complaint asserts that the Fairway Defendants hired STS to maintain the apartment complex's water treatment system in 2009, and that STS's negligence caused injuries to the class.

The issue in this appeal is whether the district court erred when it remanded on the basis of the post-removal addition of STS, a Louisiana citizen. This court reviews the district court's remand order, which turns on an interpretation of the statute, *de novo*. Under CAFA, federal jurisdiction extends to class actions alleged under federal or state law with minimal diversity of citizenship[2] and at least $5,000,000 in controversy. 28 U.S.C. § 1332(d)(2). The parties do not dispute that there is federal jurisdiction over

---

[1] Before issuing its remand order, the district court referred Cedar Lodge's motion to the magistrate judge, whose written opinion recommended remand based on the addition of STS. The district court adopted the magistrate's report without further comment. For the sake of simplicity, we refer to the magistrate and the district judge together as "the district court."

[2] Pursuant to 28 U.S.C. § 1332(d)(10), the defendant L.L.C.'s are citizens of Delaware and Illinois; the district court incorrectly applied a non-CAFA standard to the L.L.C.'s. Campus Advantage is a citizen of Texas and Delaware.

the original complaint.    Nevertheless, CAFA's local controversy exception states that the district court "shall decline to exercise jurisdiction" if, *inter alia*, the alleged conduct of at least one local defendant "from whom significant relief is sought" "forms a significant basis for the claims asserted by the proposed plaintiff class."   28 U.S.C. § 1332(d)(4)(A)(i).[3]   Cedar Lodge contends that the district court properly declined to exercise federal jurisdiction because the addition of STS in the amended complaint triggered the local controversy exception and required the federal court to remand.   The Fairway Defendants respond that the amended complaint does not invoke the local controversy exception because, under the statutory language which embraces the "time-of-removal" rule, the local controversy exception must be determined at the time of removal and is not affected by subsequent events.   *Cf. Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71, 124 S. Ct. 1920, 1924 (2004) (recognizing that the time of filing rule is "hornbook law").[4]

It is well-established that the time-of-removal rule prevents post-removal actions from destroying jurisdiction that attached in a federal court under CAFA.   *See State of Louisiana v. American National Property & Casualty Co.*, 746 F.3d 633, 639-40 (5th Cir. 2014) (describing "overwhelming and unanimous authority" among the circuit courts for the position that post-removal events do not oust CAFA jurisdiction).   In *State of Louisiana*, the state brought a post-hurricane Katrina class action in state court against several insurers to recover on homeowner policies that were purchased by Louisiana

---

[3] The parties do not dispute that the other criteria of the local controversy exception are satisfied.   28 U.S.C. § 1332(d)(4)(A)(i)(I) and (III).

[4] Alternatively, the Fairway Defendants maintain that even if the amended complaint were considered, the allegations against STS are not sufficient to deem it a "significant defendant".   Because we conclude that the local controversy exception is determined by the pleadings when the case was removed, we do not reach this argument.   *Cf. Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 360-63 (5th Cir. 2011).

citizens but later assigned to the state. *Id.* at 634. Following removal of the case to federal court on the basis of CAFA, the insurers sought to dismiss plaintiff's claims on the ground that the assignments were prohibited under Louisiana law. *Id.* at 634-35. A Fifth Circuit panel certified the relevant question to the Louisiana Supreme Court, which ruled that each policy must be evaluated individually to determine whether the assignment is permissible. *Id.* at 636. In response to this ruling, plaintiff severed the claims from the class action into individual actions, and filed a separate amended complaint—1,504, altogether—for each individual policy. *Id.* Following severance, the federal district judges assigned to the individual actions held that CAFA no longer supported jurisdiction and remanded the severed claims. *Id.* This court reversed.

The *State of Louisiana* opinion described its analysis as a choice between two competing jurisdictional principles: the time-of-removal rule, which prohibits post-removal actions from affecting federal court jurisdiction, and "the rule that an action severed from the original case must have an independent jurisdictional basis, which in turn calls for jurisdictional facts to be determined post-removal, at the time of severance." *Id.* at 636-37. The text of CAFA supplied the answer. The statute, the court explained, "defines class action as any civil action *filed* under [Federal Rule of Civil Procedure] Rule 23 or a state class action statute." *Id.* at 639 (emphasis in original). Thus, what matters for the purpose of determining CAFA jurisdiction is "the status of an action when filed—not how it subsequently evolves." *Id.* The court cited the relevant legislative history bolstering this interpretation. The Senate Judiciary Committee's Report on the bill dismissed concerns that post-filing events might destroy jurisdiction by clarifying that once a complaint is properly removed to federal court, its jurisdiction cannot be 'ousted' by later events. *Id.* (internal citation omitted). Finally, the court declined to contradict

the "overwhelming and unanimous authority" of the other circuit courts. *Id.* at 640. Five other appellate courts have considered whether post-removal actions defeat CAFA jurisdiction and have unanimously ruled that they do not. *Id.* at 639 (citing cases).

As Cedar Lodge correctly asserts, the issue here is not identical to the question presented in *State of Louisiana.* In that case, the plaintiff sought remand because after severance, no class action remained for disposition under CAFA. Here, Cedar Lodge added a defendant post-removal and relies on CAFA's local controversy exception, whereby the district court *"shall decline to exercise jurisdiction"* over a class action that meets the exception's requirements. 28 U.S.C. § 1332(d)(4)(emphasis added). Cedar Lodge maintains that this declination must occur whenever, during the litigation and assuming no purposeful forum manipulation, the class action falls within the parameters laid out by the exception. This is not, it asserts, a case where the basis for jurisdiction was "destroyed" but one where Congress commanded abstention and forbade federal courts to step in. *See, e.g., Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 570 (5th Cir. 2011) (referring to the local controversy exception as the "mandatory abstention provision of CAFA"); *Graphic Commc'ns Local 1B Health & Welfare Fund A v. CVS Caremark Corp.,* 636 F.3d 971, 973 (8th Cir. 2011) (explaining that the local controversy exception operates as an abstention doctrine). Congress's evident purpose was to remove purely local controversies from the otherwise broad scope of CAFA. Cedar Lodge thus distinguishes all of the prior caselaw—and mysteriously fails even to cite *State of Louisiana*—as being concerned solely with preventing "jurisdiction-destroying" post-removal actions.[5]

---

[5] Cedar Lodge cites no supporting on-point authority for its position. Our research indicated that the Third Circuit, while ruling on another aspect of the local controversy exception, determined that the exception "requires consideration of the defendants presently

No. 14-30735

Despite its superficial appeal, we reject this argument for several reasons. Foremost, as with all cases involving statutory interpretation, is that Cedar Lodge's argument runs into a similar textual problem that existed in *State of Louisiana*. Under the statute, the local controversy exception applies to the district court's jurisdiction "over a class action." 28 U.S.C. § 1332(d)(4)(A)(i). The term "class action" has the same definition here as it does in the portion of the statute that sets the initial requirements for federal jurisdiction over class actions. *Id.* § 1332 (d)(2). In both cases, "class action" refers to the "civil action *filed*." *Id.* § 1332(d)(1)(B) (emphasis added). Thus, when Congress provided that district courts are to decline to entertain jurisdiction over "class actions," it meant that the courts are to look at the action when it is filed in order to determine whether the conditions for abstention are present.

As *State of Louisiana* has definitively construed the relevant statutory language, we are bound by its holding insofar as the same language controls the local controversy exception. Additionally, if we were to accept Cedar Lodge's interpretation, it would result in the very odd situation that while post-removal events could eliminate the class status of the case yet not "destroy" CAFA jurisdiction, *see, e.g.*, *State of Louisiana*, the post-removal addition of a "significant" local defendant would require remand. Congress, however, was well aware of the potential for forum manipulation in class actions by the addition of local, non-diverse defendants. According to the Senate Judiciary Committee Report, this was one of the most common tactics used to guarantee a state court tribunal. S. Rep. 109-14, at 26 (2005), *reprinted in*

---

in the action [*i.e.*, not three defendants who had been dismissed]." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009)(emphasis added). We are not persuaded by the court's inapt analogy to 28 U.S.C. § 1332(d)(7), but we are bound, in any event, by *State of Louisiana.*

6

2005 U.S.C.C.A.N. 3, 26.  CAFA's local controversy exception reduces the possibility of this manipulation somewhat and increases the likelihood that a "significant" local defendant will be added at the outset of a case to defeat removal.  Consequently, a post-removal attempt to add a local defendant may raise doubts about that party's "significance."  In any event, consistent with CAFA's overarching purpose to curb class action abuse, the Judiciary Committee described the local controversy exception as "a *narrow* exception that was carefully drafted to ensure that it does not become a jurisdictional loophole." *Id.* at 39 (emphasis added).

In sum, the language, structure, and history of CAFA all "demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Evans v. Walter Indus.*, 449 F.3d 1159, 1164 (11th Cir. 2006)(citation omitted).  Allowing Cedar Lodge to avoid federal jurisdiction through a post-removal amendment would turn the policy underlying CAFA on its head.

For these reasons, the district court's order of remand is **REVERSED**, and the case is **REMANDED** for further proceedings in accord herewith.