# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1458

_____

Patricia Hood; Susan Meyer; Nora de la Rosa

*Plaintiffs - Appellees*

v.

Gilster-Mary Lee Corporation

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 14, 2015
Filed: May 1, 2015

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

On December 23, 2013, former and current employees filed a class action lawsuit in state court against Gilster-Mary Lee Corporation and six other defendants. The employees allege lung impairment (or potential lung impairment) from exposure to butter-flavoring products, including diacetyl, used in Gilster's microwave popcorn packaging plant in Jasper, Missouri. Defendants removed the case to federal court

under the Class Action Fairness Act. *See* **28 U.S.C. §§ 1332, 1441(a)-(b), 1453**. The parties do not dispute CAFA jurisdiction. Six weeks later, the employees dismissed all defendants except Gilster. The district court ordered a remand to state court based on CAFA's local-controversy exception. *See Hood v. Gilster-Mary Lee Corp.*, 2015 WL 328409, at *3, *5 (W.D. Mo. Jan. 26, 2015), *citing* **28 U.S.C. § 1332(d)(4)**. Having jurisdiction under 28 U.S.C. § 1453(c), this court reverses and remands.

The proposed class includes those who worked for over one year at Gilster's plant before January 1, 2008—when Gilster stopped using diacetyl. They allege claims for premises liability, negligence, fraudulent concealment, prima facie tort, and medical monitoring. The employees seek, among other remedies, a funded medical-monitoring program.

Under the local-controversy exception, a district court is required to decline jurisdiction when, as relevant here, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." **28 U.S.C. § 1332(d)(4)(A)(i)(I)**.

The two-thirds is determined as of the date of the filing of the complaint (or amended complaint). *See id.* **§ 1332(d)(7)**. The district court permitted discovery on state citizenship. For all of the potential class members, except the current employees, the employees initially provided only last-known addresses, some 27 years old, and did not identify state citizenship. The employees wrote the potential class members seeking affidavits of citizenship; most did not respond.

The employees identified two groups of Gilster employees who worked at the plant over one year before 2008: 40 current employees (three of whom are not U.S. citizens), and 246 former employees. The employees received 95 affidavits from former employees still residing in Missouri, and 7 from former employees no longer in Missouri. Of the former employees, 126 had last-known addresses in Missouri but

-2-

did not return an affidavit. They also obtained lists of former employees from two temporary staffing companies. One temporary staffing list shows 58 of 61 individuals have last-known Missouri addresses, 13 of which confirmed Missouri citizenship. Potential class members were also identified from prior litigation against Gilster. Of 25 potential members, 9 were confirmed as Missouri citizens. The rest did not respond. The district court found that about 150 of 372, or 41 percent, of the potential class members are clearly Missouri citizens. The district court's findings can be summarized as:

| List | Potential Class Members | Clearly Missouri Citizens |
|---|---|---|
| Gilster - current | 40 | 37 |
| Gilster - former | 246 | 95 |
| Temporary staff | 61 | 13 |
| Prior litigants | 25 | 9 |
| Total | 372 | 154 |

The party seeking remand bears the burden of proof for a CAFA exception. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Any doubt about the applicability of the local-controversy exception is resolved against the party seeking remand. *Id.* at 823.

Citing other district-court orders, the district court relied on last-known addresses to conclude that over two-thirds of the potential class members were Missouri citizens.[1] More persuasive is the Seventh Circuit's general rule: "[A] court

---

[1] *Compare, e.g.*, *Elsea v. Jackson, Cnty., Mo.*, 2010 WL 4386538, at *4 (W.D. Mo. Oct. 28, 1010) ("[R]esidence is prima facie proof of citizenship."), *Randall v. Evamor, Inc.*, 2010 WL 1727977, at *2 (E.D. Mo. Apr. 29, 2010) (finding last-known address creates rebuttable presumption of citizenship), *Tonnies v. Southland*

may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010). *See also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("That a [class member] may have a residential address in California does not mean that person is a citizen of California. In addition, the proposed class reaches back to cover purchases made as long as four years before the filing of the complaint . . . and we imagine that at least some [class members] who were California citizens at the time of purchase subsequently moved to other states . . . ." (internal citation omitted)). The Seventh Circuit notes two ways plaintiffs can meet their burden: (1) affidavit evidence or statistically significant surveys showing two-thirds of the class members are local citizens, or (2) redefine the class as only local citizens. *In re Sprint*, 593 F.3d at 675-76. *See Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (Plaintiffs may "take a random sample of [potential class members], ascertain the citizenship of each . . . on the date the case was removed, and extrapolate to the class as a whole. If the sample yields a lopsided result . . . the outcome is clear without the need for more evidence. . . . If the result is close to the statutory two-thirds line, then do more sampling and hire a statistician to ensure that the larger sample produces a reliable result.").

---

*Imports, Inc.*, 2009 WL 3172565, at *3-4 (E.D. Mo. Sept. 29, 2009) (same), *Clover v. Sunset Auto Co.*, 2009 WL 2757050, at *3 (E.D. Mo. Aug. 26, 2009) (same), *and Redd v. Suntrup Hyundai, Inc.*, 2009 WL 2568054, at *2-3 (E.D. Mo. Aug. 18, 2009) (same), *with Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 964-66 (S.D.N.Y. 2014) (rejecting that last-known addresses demonstrated citizenship), *Albury v. Daymar Colleges Grp.*, 2012 WL 884902, at *3, *7 (W.D. Ky. Mar. 14, 2012) (noting no circuit court analyzing CAFA exceptions has applied rebuttable presumption equating residence with citizenship, and refusing to apply the presumption), *Lancaster v. Daymar Colleges Grp.*, 2012 WL 524459, at *4 (W.D. Ky. Feb. 15, 2012) (finding residency insufficient to establish citizenship), *Wiggins v. Daymar Colleges Grp.*, 2012 WL 525449, at *7-8 (W.D. Ky. Feb. 15, 2012) (same), *and McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 162-63 (D. Mass 2007) (same).

The district court does use the terms "sampling" and "representative sample." The record does not include any sample, sampling methodology, or other indication of a disciplined approach. The district court extrapolates the citizenship of the Missouri citizens who responded, to the citizenship for those potential class members who did not respond. The fallacy is apparent. Those still at the last-known address were more likely to respond, and those not at the last-known address were less likely to respond (and more likely not to be Missouri citizens, or even have a valid address). Thus, the last-known-address evidence in this case does not bridge the gap between 41 percent and 67 percent.

Because the employees did not meet their burden of proof that a CAFA exception under 28 U.S.C. § 1332(d)(4) applies, the district court erred by resolving doubt in favor of the party seeking the remand.

The judgment is reversed, and case remanded for further proceedings consistent with this opinion.

_____