In Touch Concepts, Inc. v. Cellco Partnership

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2014

(Argued: April 29, 2015     Decided: June 4, 2015)

Docket No. 14-1622

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In Touch Concepts, Inc., d/b/a ZCOM,

Plaintiff-Appellant,

-v.-

Cellco Partnership, d/b/a Verizon Wireless,
Tom Varghese, Ryan Broomes, Jorge
Velez, Anthony Fiocco, Bruno Pavlicek,
John/Jane Doe Cellco Partnership d/b/a
Verizon Wireless Personnel #1-10,

Defendants-Appellees.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Before:          JACOBS, POOLER, and HALL, Circuit Judges.

After this state-law class action was removed to federal court under the

Class Action Fairness Act, the plaintiff amended the complaint to drop all class-

---

[*]     The Clerk of Court is respectfully directed to amend the official
caption in this case to conform with the caption above.

action allegations.  The district court (Castel, J.) maintained subject-matter jurisdiction and dismissed on the merits.

We affirm.

RAVI BATRA (Todd B. Sherman, on the brief), The Law Firm of Ravi Batra, P.C., New York, New York, for Plaintiff-Appellant.

PHILIP R. SELLINGER (Todd L. Schleifstein, on the brief), Greenberg Traurig, LLP, New York, New York, for Defendants-Appellees Cellco Partnership d/b/a Verizon Wireless, Ryan Broomes, Jorge Velez, Anthony Fiocco, and Bruno Pavlicek.

JEREMY D. FREY, Pepper Hamilton LLP, Philadelphia, Pennsylvania, for Defendant-Appellee Tom Varghese.

DENNIS JACOBS, Circuit Judge:

Plaintiff In Touch Concepts, Inc. ("Zcom"), a former Verizon retail sales agent, sued in New York state court on its own behalf and on behalf of a class of persons similarly situated, alleging state-law contract and tort claims against Cellco Partnership ("Verizon") and several of its current and former employees. Specifically, Zcom alleges that Verizon's termination of the parties' sales-agent

relationship violated state law. After defendants properly removed the case to federal court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), Zcom filed an amended complaint that dropped all class-action allegations. Despite the lack of any federal claims, the lack of complete diversity, and the lack of any class allegations, the district court (Castel, J.) maintained subject-matter jurisdiction, and ultimately dismissed on the merits.

We affirm.


## BACKGROUND

Zcom's original complaint, filed in New York Supreme Court for New York County, included state-law class-action claims for tortious interference, fraud and deceit, and misrepresentation, and was brought on behalf of a putative class of all present and former sales agents of Verizon. The original complaint also alleged two individual state-law claims (for injurious falsehood and unjust enrichment) on behalf of Zcom only. Zcom alleged that Verizon operated a fraudulent scheme relating to the activation of prepaid mobile phones, and that Verizon made Zcom a scapegoat when the scheme fell apart.

Defendants removed.  As to the class-action claims, defendants relied on the Class Action Fairness Act, which generally grants original federal jurisdiction (and therefore authorizes removal, see 28 U.S.C. § 1441(a)) over cases alleging a putative class action (1) of at least 100 members (2) in which at least one defendant is diverse from at least one class member, and (3) in which the amount in controversy exceeds $5,000,000.  See 28 U.S.C. § 1332(d); see also Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).  As to the individual state-law claims, defendants relied on the supplemental jurisdiction statute.  See 28 U.S.C. § 1367(a).

Shortly after arrival of the case in the United States District Court for the Southern District of New York, the district court (Castel, J.) transferred the action to the District of New Jersey, where an earlier-filed declaratory judgment action raising similar issues was already pending.

While the case was in New Jersey federal court, Zcom amended its complaint.  The First Amended Complaint (now the operative complaint) removed some of the individual defendants, added some new state-law theories, and--most importantly--dropped all of the class-action allegations.  Primarily, Zcom alleged that Verizon's termination of the parties' sales-agent relationship

violated (express and implied) contractual rights, and that those rights trumped a contractual provision authorizing Verizon to terminate the relationship "at any time, with or without cause," upon six months' notice. See Agent Agreement ¶ 8.8.

Citing improper venue, the district court in New Jersey (Sheridan, J.) transferred the action back to the Southern District of New York. Back in New York, defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district court (Castel, J.) granted defendants' motions in substantial part, holding that Zcom failed to state a claim on the merits. After resolution of some procedural loose ends (including a motion to file an untimely amended complaint, a motion for recusal, and two motions for reconsideration), Zcom voluntarily dismissed its remaining claims and filed this appeal.

## DISCUSSION

A federal district court would not have had original jurisdiction over the presently operative complaint: it alleges no federal claims, no complete diversity, and no class-action claims. Typically, that would require immediate dismissal for lack of subject-matter jurisdiction. The United States Supreme Court, however,

5

has prescribed a special rule for removal cases: After proper removal to federal court, post-removal amendments generally do not destroy statutory subject-matter jurisdiction.

Accordingly, the district court properly maintained subject-matter jurisdiction over this case. On the merits, we affirm the judgment in its entirety.

**I**

The background principles are elementary. "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). That is because the limited subject-matter jurisdiction of the federal courts is a restraint on judicial power: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex Parte McCardle, 74 U.S. 506, 514 (1868).

In cases filed originally in federal court, these principles generally function as expected. Accordingly, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-74 (2007). So if this case had been filed originally in federal court, the district court would have had to dismiss it as soon as Zcom filed the First Amended Complaint, which dropped all class-action allegations and thereby destroyed the only basis for federal jurisdiction.

But this is a removal case. And for the purpose of analyzing statutory subject-matter jurisdiction, the Supreme Court has treated amended complaints in removal cases with flexibility. For example, "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." Id. at 474 n.6. Likewise in cases removed on the basis of diversity: the filing of a post-removal amended complaint that reduces the amount in controversy below the statutory threshold does not impair diversity jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938) ("[T]hough, as here, the plaintiff after removal, by stipulation, by affidavit, or by

7

amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

As the Supreme Court has explained this distinction: "removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." Rockwell, 549 U.S. at 474 n.6; see also Boelens v. Redman Homes, Inc., 759 F.2d 504, 507-08 (5th Cir. 1985) ("The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute.").

Since a post-removal amendment does not defeat federal jurisdiction premised on a federal question or on diversity, we cannot see why it would defeat federal jurisdiction under CAFA. CAFA is, after all, an amendment to the diversity statute. See Blockbuster, 472 F.3d at 56 ("Congress enacted CAFA with the purpose of, inter alia, expanding the availability of diversity jurisdiction for class action lawsuits."). And CAFA is found in the section of the U.S. Code that describes diversity jurisdiction. See generally 28 U.S.C. § 1332(a), (d).

8

Accordingly, we join the Seventh Circuit in holding that "jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations." In re Burlington N. Santa Fe Ry. Co., 606 F.3d 379, 380 (7th Cir. 2010). The district court properly maintained subject-matter jurisdiction over the First Amended Complaint.

## II

On the merits, we affirm for substantially the reasons set forth in the series of thorough opinions issued by the district court. Zcom's breach of contract claim fails because Verizon bargained for a provision allowing it to terminate the contract for any reason (or no reason) upon six months' notice. See Agent Agreement ¶ 8.8 ("[Verizon] has the right to terminate this agreement at any time, with or without cause, upon six (6) months prior written notice to [Zcom].").

Zcom's implied covenant claim fails for similar reasons: under New York law, the implied covenant of good faith and fair dealing cannot be used to impose an obligation that is inconsistent with express contractual terms. See, e.g., Murphy v. Am. Home Prods. Corp., 448 N.E.2d 86, 91 (N.Y. 1983).

9

Zcom's tortious interference claims fail for lack of specific, plausible allegations.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

Zcom also takes issue with a handful of the district court's procedural rulings: denial of an extension of time to file a motion for leave to amend; the exercise of supplemental jurisdiction over fewer than all of the state-law claims that were never subject to CAFA jurisdiction; and denial of a (completely baseless) motion for recusal.  None of these rulings was an abuse of discretion.

## CONCLUSION

For the foregoing reasons, the judgment is affirmed.