Tammy **HARGETT**, Individually and on behalf of all others similarly situated, Plaintiff-Appellee

v.

**REVCLAIMS, LLC**, Defendant

St. Bernard's Hospital, Inc.; St. Bernard's Community Hospital Corporation; Baptist Health; White River Health System, Inc., Defendants-Appellants

John Does 1-100, Defendant

Tammy Hargett, Individually and on behalf of all others similarly situated, Plaintiff-Appellee

v.

RevClaims, LLC, Defendant-Appellant

John Does 1-100; Baptist Health; St. Bernard's Hospital, Inc.; St. Bernard's Community Hospital Corporation; White River Health System, Inc., Defendants

No. 17-1339, No. 17-1340

United States Court of Appeals, Eighth Circuit.

Submitted: March 10, 2017

Filed: April 14, 2017

Counsel who represented the appellants were Kenneth P. Castleberry, of Batesville, AR, and Alfred F. Thompson, of Batesville, AR, (representing White River Health System, Inc.); Robert L. Henry, III and James D. Robertson of Little Rock, AR (representing Baptist Health); Paul D. Waddell and Same Waddell of Jonesboro, AR (representing St. Bernard's Hospital, Inc., and St. Bernard's Community Hospital Corporation); and Jeff Puryear, of Jonesboro, AR, Mark Mayfield, of Jonesboro, AR, and Ryan Michael Wilson of Jonesboro, AR (representing RevClaims, LLC).

Counsel who represented the appellee was Jeffrey Scriber, of Jonesboro, AR and Brandon W. Lacy of Jonesboro, AR.

Before SMITH,[1] BOWMAN, and SHEPHERD, Circuit Judges.

SMITH, Circuit Judge.

The Class Action Fairness Act of 2005 (CAFA) broadened federal jurisdiction over class actions but excepted controversies that are primarily local in nature. District courts must decline to exercise jurisdiction over these matters. Congress has defined the features of a local controversy. As relevant to this appeal, a class action is a local controversy if local citizens predominate over non-locals in the class membership—that is, if more than two-thirds of the class members are "citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(I). We have long held that "resident" does not mean "citizen" in 28 U.S.C. § 1332(a). The issue in this case is whether this citizenship/residency distinction also applies to § 1332(d)(4). In other words, does "citizen" mean the same thing in § 1332(d)(4) that it means in the rest of 28 U.S.C. § 1332? We hold that it does, and that the district

court therefore erred in remanding this case based on the class members' Arkansas residency rather than citizenship.

## I. *Background*

Tammy Hargett was injured in a car wreck. Hargett received medical treatment from St. Bernard's Hospital. St. Bernard's required Hargett to assign her rights as a Medicaid Beneficiary to the hospital. The hospital contracted with RevClaims, LLC to pursue any claim Hargett might have against the driver responsible for her injuries. This was in lieu of collecting a reduced but certain payment from Arkansas Medicaid, which insured Hargett. Hargett contends that this practice violates Arkansas law. She sued St. Bernard's, RevClaims, and several other hospitals in Arkansas state court on behalf of a class comprising "[a]ll persons who were Arkansas Medicaid-eligible beneficiaries" who were treated at one of the defendant hospitals and who had similar liens placed on their third-party claims by RevClaims. Hargett also alleged that "hundreds, if not thousands, of people geographically dispersed across Arkansas have been damaged by Defendants' actions."

The defendants removed the suit to federal court under CAFA, 28 U.S.C. § 1332(d). Hargett moved to remand. She urged the district court to "decline to exercise jurisdiction" under CAFA's local-controversy exception. 28 U.S.C. § 1332(d)(4). The district court concluded that Hargett's suit met all the exception's requirements, including the requirement that more than two-thirds of the proposed class be citizens of the state where the suit was filed—in this case, Arkansas. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I). As the district court explained:

---

**1.** The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

In establishing the local controversy exception, Plaintiff has defined the class as all persons who were Arkansas residents at the time the medical services which form the basis of the Complaint were provided to them. By restricting the class members to Arkansas residents (specifically, "people geographically disbursed across Arkansas;" Document 2, para. 48), Plaintiffs have sufficiently satisfied their burden of establishing that more than 2/3 of the class members are citizens of Arkansas.

"For clarity," though, the district court directed Hargett "to immediately amend her complaint to explicitly restrict the proposed class definition as to only include Arkansas citizens." Hargett filed an amended complaint defining the proposed class as "[a]ll *Arkansas citizens* who were Arkansas Medicaid-eligible beneficiaries . . . ." (emphasis added). Then the case was remanded. The hospitals and Rev-Claims sought permission to appeal under 28 U.S.C. 1453(c)(1), which we granted.

## II.  *Discussion*

■ We have jurisdiction to accept appeals from class-action remands. 28 U.S.C. § 1453(c)(1). The authorizing statute leaves to the "informed discretion of the reviewing court" precisely how to exercise this jurisdiction. *Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 39 (1st Cir. 2009). We accepted this appeal to address a novel and important CAFA issue: How does the "resident" versus "citizen" distinction we have observed in other parts of 28 U.S.C. § 1332 play out in the local-controversy exception?

■ In conducting this review, we are guided by five principal considerations. First, CAFA reflects Congress's desire for broad diversity jurisdiction over class actions. *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

The local-controversy exception is narrow. *Id.* Once a removing defendant has established CAFA's jurisdictional requirements, the burden shifts to the plaintiff to establish that the local-controversy exception applies. *Id.* This means that the district court "should resolve any doubt about the applicability of CAFA's local-controversy exception against . . . the party who seeks remand." *Id.* at 823.

■ Second, apart from the local-controversy exception, the term "citizen" in 28 U.S.C. § 1332 has long meant something different from "resident." As we said recently, "it is simply incorrect to say [a party]'s Arkansas residency establishes Arkansas citizenship for the purpose of" § 1332(a)(1). *Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). We explained why: "Citizenship requires permanence." *Id.* at 778. Residency is a more fluid concept. *See id.* Unlike citizenship, residency does not require an intent to make a place home. *See Ellis v. Se. Constr. Co.*, 260 F.2d 280, 281 (8th Cir. 1958). One could, for example, be a resident of multiple states. *Reece*, 760 F.3d at 778. But one may be a citizen of just one state. *Id.*

■ A complaint or notice of removal resting on residency, then, will not establish citizenship for diversity jurisdiction. *Id.* This rule is not new. In *Pattiz v. Schwartz*, for example, we noted the "failure of the plaintiffs in their original and amended complaints to allege diversity of citizenship rather than mere diversity of residence," and we invoked our repeated holding that this "does not satisfy the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1)." 386 F.2d 300, 300–01 (8th Cir. 1968). The citizenship/residency distinction predates even the codification of § 1332; it arises under Supreme Court precedent applying the Constitution's "judicial article," Article III. *See Bingham v. Cabot*, 3 U.S. (3 Dall.)

382, 383, 1 L.Ed. 646 (1798) ("A citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy.").

■ Third, "[w]here Congress uses terms that have accumulated settled meaning under either equity or the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *N.L.R.B. v. Amax Coal Co.*, 453 U.S. 322, 329, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981). Given the history of the term "citizen," we infer that Congress incorporated its established meaning in § 1332(d)(4).

Fourth, at least one other circuit has read the historical citizenship/residency distinction into § 1332(d)(4). In *In re Sprint Nextel Corp.*, the Seventh Circuit refused to conclude by sensible guesswork that a class of "all Kansas residents" who purchased text messaging from a company was more than two-thirds Kansan by citizenship. 593 F.3d 669, 671, 674 (7th Cir. 2010). The court noted two ways the plaintiffs could have established citizenship under § 1332(d)(4): (1) by presenting evidence of citizenship; and (2) by defining the class "as all Kansas *citizens*" who purchased the text messaging. *Id.* at 675–76. A later case interpreted *Sprint* as "distinguishing residence from citizenship for the purpose of § 1332(d)(4)." *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014).

Fifth, and finally, we recently followed the Seventh Circuit's approach, albeit without directly addressing the citizenship/residency issue embedded in that circuit's precedents. The question in *Hood v.*

*Gilster-Mary Lee Corp.* was whether a class comprising workers at a particular Missouri plant was more than two-thirds Missourian by citizenship. 785 F.3d 263, 264–65 (8th Cir. 2015). The district court allowed discovery and concluded, by extrapolating from last-known addresses and affidavits, that more than two-thirds of the class were Missouri citizens. *Id.* at 265. We reversed. In doing so, we reiterated *Sprint*'s two ways to establish predominantly local citizenship: (1) sound evidence; and (2) defining the class as local citizens. *Id.* at 266.

■ We find *Hood* and *Sprint* persuasive, and we conclude that § 1332(a)'s citizenship/residency distinction applies in § 1332(d)(4). "Citizen" means the same thing in both subsections—and that meaning is not synonymous with "resident." The district court therefore erred in holding that merely alleging a proposed class of Arkansas residents was sufficient to satisfy § 1334(d)(4). Hargett could have met her burden by producing evidence or by defining her class to include only Arkansas citizens. But merely alleging residency was not enough. (We accept the parties' agreement that an Arkansas Medicaid beneficiary must be an Arkansas resident.)

Plaintiffs like Hargett remain free to meet their burden through evidence or through a class explicitly limited to local citizens, but they are not free to rest on guesswork.[2] The district court's requirement that Hargett "clarify" her class definition before remand suggests that it not only relied on guesswork, but also resolved doubt in her favor. This was error.

Nor do we consider Hargett's amended complaint, which redefined the class. The

---

2. We do not agree with Hargett that presumptions alone may transform a challenged allegation of residency into the establishment of citizenship. *See Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 397–99 (6th Cir. 2016) (Kethledge, J., dissenting); *Reece v. AES Corp.*, 638 Fed.Appx. 755, 769–70 (10th Cir. 2016); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013).

district court cited no authority for ordering Hargett to restrict her class definition through an amended complaint before remand. Hargett claims authority from *Hood*. There, in setting out the ways a plaintiff can establish class citizenship, we said that a plaintiff could "redefine the class as only local citizens." *Hood*, 785 F.3d at 266. This redefine language is not part of *Hood*'s holding. Moreover, *Hood* cited *Sprint* for this language, yet *Sprint* does not speak of redefining a class; it speaks of defining a class in the first instance (before removal) to include only local citizens. *In re Sprint Nextel Corp.*, 593 F.3d at 676. In any event, the concept of redefining a class to trigger the local-controversy exception seems to violate § 1332(d)(7), which says that for purposes of the local-controversy exception, class citizenship must be determined as of the date of the pleading giving federal jurisdiction.

Finally, because we have a duty to inquire into our own jurisdiction, we add that nothing we have said about residency and citizenship means that the district court lacked jurisdiction. *Cf. Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 395 (6th Cir. 2016). Hargett alleged in her complaint that she was an Arkansas resident. But the defendants' notice of removal alleged that Hargett was an Arkansas citizen, and Hargett has not suggested otherwise. This allegation in the notice of removal suffices to show federal jurisdiction. *See Reece*, 760 F.3d at 778 (allegation of plaintiff's citizenship in amended notice of removal established jurisdiction even though plaintiff's complaint referred to residency, because plaintiff admitted citizenship).

### III. *Conclusion*

Accordingly, we reverse the district court's remand order, and we remand this case to the district court for further proceedings.