**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BROADWAY GRILL, INC., a California Corporation,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>VISA INC.; VISA INTERNATIONAL ASSOCIATION; VISA USA INC.,<br><br>    Defendants-Appellants. | No.    17-15499<br><br>D.C. No. 4:16-cv-04040-PJH<br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before:  Mary M. Schroeder and Johnnie B. Rawlinson, Circuit Judges, and Steven Paul Logan,[*] District Judge.

Opinion by Judge Schroeder, Circuit Judge:

We deal with provisions of the Class Action Fairness Act ("CAFA") to

ensure that large class action cases are heard in federal court.  28 U.S.C. § 1332(d).

---

[*]    The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

The issue before us is whether plaintiffs may amend their complaint, after a case has been removed to federal court, to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction. We hold plaintiffs may not do so and clarify that the range of amendments permitted under our prior opinion in *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111 (9th Cir. 2015), upon which the district court relied, is very narrow.

Plaintiff, a California restaurant, filed this action in California state court against Visa Inc. and related corporations claiming that Visa is violating the state antitrust laws by fixing rates and preventing merchants from applying a surcharge for the use of credit cards. The complaint described the class as "all California individuals, businesses and other entities who accepted Visa-branded cards in California since January 1, 2004 . . . ." Defendant companies ("Visa") are citizens of California and Delaware. Plaintiff class as described in the original state court complaint included both California and non-California citizens. Broadway Grill is the named plaintiff and is a California corporation. Visa removed to federal district court because CAFA's minimal diversity requirement was satisfied. Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant. 28 U.S.C. § 1332(d)(2)(A). Since many merchants doing business in California, and

2

members of the class as originally described, are not citizens of California, the requirement was met.

After Visa removed to the District Court for the Northern District of California, Broadway Grill moved to remand on the theory that the case qualified as one of CAFA's exceptions to the exercise of federal jurisdiction. The relevant exception is the so-called "local controversy" exception for cases in which two-thirds of the class members are citizens of the state of filing and a "significant" defendant is a citizen of that state as well. 28 U.S.C. § 1332(d)(4). The district court correctly denied the motion to remand because the class, on its face, included many non-citizens of California, and Broadway Grill could not establish two-thirds were California citizens.

It was at this point that Broadway Grill sought leave to amend the complaint to change Plaintiff class to include only "California citizens," in order to eliminate minimal diversity. The district court granted leave to amend and ordered the case remanded to the state court. While the district court acknowledged the general rule that jurisdiction is determined at the time of removal, and post-removal amendments cannot eliminate jurisdiction, the court relied on an exception, apparently unique to our circuit, permitting amendment in limited circumstances to add allegations of underlying facts that clarify the nature of the claims for purposes

3

of determining CAFA jurisdiction. *See Benko*, 789 F.3d at 1117 (holding that in certain circumstances "plaintiffs should be permitted to amend a complaint to clarify issues pertaining to federal jurisdiction under CAFA"). In *Benko*, the plaintiffs were permitted to set out the percentage of claims that were against the in-state defendant in order to show it was a "significant defendant" within the CAFA exception to federal jurisdiction.

*Benko* has created some uncertainty in the district courts as to when post-removal amendments may be allowed. *See Lopez v. Aerotek, Inc.*, 2017 WL 253948, at *2 (C.D. Cal. Jan. 19, 2017) (not allowing an amendment that added a new defendant to potentially qualify for the local controversy exception); *Rossetti v. Stearn's Prod. Inc.*, 2016 WL 3277295, at *1 (C.D. Cal. June 6, 2016) (not allowing an amendment that would change the class from a national class to a California citizen class); *Chen v. eBay, Inc.*, 2016 WL 835512, at *2 n.1 (N.D. Cal. Mar. 4, 2016) (effectively allowing amendment and ordering remand of a complaint that restricted a class to citizens of California, rather than residents); *In re Anthem Inc. Data Breach Litig.*, 129 F.Supp. 3d 887, 894–96 (N.D. Cal. 2015) (allowing amendment of a complaint so that a class represented only Missouri citizens rather than residents and ordering remand).

The basic jurisdictional provisions of CAFA are simple. Under 28 U.S.C. §§ 1332 (d)(2), (d)(5), the matter in controversy must exceed $5,000,000, the number of plaintiffs must be 100 or more and diversity is established when "any member of a class of plaintiffs is a citizen of a state different from any defendant." Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed "minimal diversity." The law provides minimal diversity is to be determined as of the time of removal. 28 U.S.C. § 1332 (d)(7).

Congress's intent to broaden federal court class action jurisdiction is illustrated by the provision for expedited appellate review when a district court orders remand. 28 U.S.C. § 1453(c). Such appeals must be decided within sixty days. We have appellate jurisdiciton pursuant to that provision. We have held our review of remand orders is de novo. *Bridewell-Sledge v. Blue Cross of Cal.*, 798 F.3d 923, 927 (9th Cir. 2015).

In exercising that appellate jurisdiction, the circuits have unanimously and repeatedly held that whether remand is proper must be ascertained on the basis of the pleadings at the time of removal. The rule goes back to *Pullman Co. v. Jenkins*, 305 U.S. 534, 537– 38 (1939). Our leading case in the CAFA context is *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). *See also*

5

*Doyle v. OneWest Bank, FSB*, 764 F.3d 1097, 1098 (9th Cir. 2014) ("[T]he District Court should have determined the citizenship of the proposed plaintiff class based on Doyle's complaint as of the date the case became removable.") (internal quotation omitted). The other circuits are in complete agreement. As the Seventh Circuit has said, "removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction." *In re Burlington Northern Santa Fe Ry., Co.*, 606 F.3d 379, 381 (7th Cir. 2010). *See also Hargett v. RevClaims, LLC*, — F.3d —, 2017 WL 1405034, at *3 (8th Cir. Apr. 14, 2017); *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 429 (5th Cir. 2014) ("Allowing Cedar Lodge to avoid federal jurisdiction through a post-removal amendment wold turn the policy underlying CAFA on its head."). This unanimity seems firmly to establish that plaintiffs' attempts to amend a complaint after removal to eliminate federal jurisdiction are doomed to failure.

In *Benko*, however, this court allowed plaintiffs to amend the complaint after removal, in order to clarify jurisdiction. We did so when the amendment did not alter the definition of the class, but, rather, had the effect of explaining the impact of the complaint's allegations on one of the defendants. This impact was

6

jurisdictionally significant because CAFA contains an exception to the exercise of jurisdiction on the basis of minimal diversity, where a local defendant will be especially impacted, the "local controversy" exception. *See Benko*, 789 F.3d at 1117. Our opinion in *Benko* explained that the amendment served only to provide some amplification, for federal jurisdictional purposes, of the nature of plaintiffs' allegations. The amendment provided "estimates of the percentage of total claims asserted against [the in-state defendant]" in order to show that the in-state defendant was "significant," for purposes of § 1332(d)(4). *Id.*

The amendment in this case, however, did not provide an explanation of the allegations, but changed the definition of the class itself. Instead of being composed of all the merchants in the state of California, regardless of citizenship, the class, as defined in the amended complaint, became exclusively composed of California citizens. We conclude such an amendment is outside the exception recognized in *Benko* and thus cannot affect the removability of the action.

*Benko* itself recognized that CAFA "favors federal jurisdiction" and that only certain "CAFA-specific issues," such as whether a particular in-state defendant was "significant," that were highly unlikely to be addressed in a state court complaint, justified allowing amendments. *Id.* at 1116–17. It was only under those limited circumstances, where the "plaintiffs can provide a federal court with

7

the information" that amendments that could potentially affect jurisdiction were allowed. *Id.* A class definition, however, will always be present in any class action complaint, state or federal. The amendment in this case did not merely provide relevant information. It changed the nature of the action.

We have not found any other circuit decisions permitting post-removal amendment of the complaint to affect the existence of federal jurisdiction and certainly none permitting alteration of the make up of the class. A very recent decision of the Eighth Circuit dealt with an issue very similar to the issue before us. That court refused to consider a post-removal amendment that would have narrowed the original class of Arkansas "residents" to Arkansas "citizens." *See Hargett*, 2017 WL 1405034, at \*3. Indeed, those plaintiffs made many of the same arguments Broadway Grill makes here, including contending that the original class definition referring to Arkansas residents could have been understood to mean only citizens. In that case, the district court had, as in this case, permitted an amendment before remanding. *See id.* at \*1–2. The Eighth Circuit rejected the amendment, noting that CAFA's language demands that class citizenship "must be determined as of the date of the pleading giving federal jurisdiction." *Id.* at \*3, (citing 28 U.S.C. § 1332(d)(7)). That meant the class included non-citizens and hence minimal diversity was satisfied. We agree.

The Tenth Circuit, in an unpublished disposition, reached essentially the same decision. *See Reece v. AES Corp.*, 638 F. App'x 755, 775 (10th Cir. 2016). There plaintiffs' state court complaint described a class of Oklahoma residents. After removal, plaintiffs sought leave to amend the class to cover only Oklahoma citizens, but the district court denied the motion. In affirming, the Tenth Circuit noted that "[a]lthough this class definition might have been effective if employed when the case was first filed, post-removal amendments are ineffective to divest a federal court of jurisdiction." *Id.*

In a similar spirit, the Second and Seventh Circuits have refused to give effect to amendments that would have eliminated the claims alleged on behalf of a class. *See In Touch Concepts, Inc.*, 788 F.3d at 102; *Burlington Northern Santa Fe Ry.*, 606 F.3d at 381. The courts ruled jurisdiction was established as of the time of removal.

All of these decisions are in accord with CAFA's legislative history, a history that is often cited. *See*, *e.g.*, *Benko*, 789 F.3d at 1116; *Cedar Lodge Plantation*, 768 F.3d at 428. The history shows that Congress was well aware of the concern that expanding federal class action jurisdiction to require only minimal diversity would create instability, as class membership could change during the course of litigation. *See* Senate Report, S. Rep. 109-14, S. Rep. No. 14, 109th

9

Cong. 1st Sess. 2005, 2005 WL 627977 *68 (Feb. 28, 2005) ("Senate Report").

The Senate Report observed that this concern was groundless, precisely because of the rule that post-removal amendments cannot affect jurisdiction. *Id.* at *70. Congress specifically noted that, under CAFA, if minimal diversity exists at the time of removal, jurisdiction could not be divested, even if the situation changed as a result of a later event, "whether beyond the plaintiff's control or the result of his volition." *Id.* at *70–71. In this case plaintiffs have attempted to do what CAFA was intended to prevent: an amendment changing the nature of the class to divest the federal court of jurisdiction.

We therefore remain in agreement with the other circuits in holding that CAFA means what it says—citizenship of the class for purposes of minimal diversity must be determined as of the operative complaint at the date of removal. *See* 28 U.S.C. § 1332(d)(7) ("Citizenship of the members of the proposed plaintiff class shall be determined . . . as of the date of the complaint or amended complaint . . . indicating the existence of Federal jurisdiction."). In *Benko*, we created a small exception to the general rule that bars post-removal amendments related to jurisdiction, and this understandably created some uncertainty in the district courts. *Benko* allowed amendments for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants. This was

10

permitted in *Benko* so that the district court could decide whether remand to state court was appropriate under the local controversy exception. *Benko* did not, however, strike a new path to permit plaintiffs to amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis. Recognizing such a path in this circuit would conflict with statutory language and with the decisions of the other circuits. *See, e.g., Hargett*, 2017 WL 1405034.

Because the existence of minimal diversity in this case must be determined on the basis of the pleadings at the time of removal in accordance with the general rule, the order of the district court remanding the case on the basis of a post-removal amendment must be reversed. The district court correctly recognized that the complaint, as of the time of removal, covered all California merchants, and not just merchants who were California citizens. That complaint remained the only one which should have been considered for determining the existence of minimal diversity. Accordingly, we respect rather than overrule *Benko*. Were we to interpret it as broadly as the dissent, we would not only disagree with other circuits, but overrule our own precedent in *Doyle*. Our decision in *Benko* did not sanction post-removal amendments that change the nature of the claims or the make up of the class.

11

We therefore **REVERSE** the order of the district court remanding this case to state court, and **REMAND** for further proceedings.



***Broadway Grill, Inc. v. Visa, Inc.*, Case No. 17-15499**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. I agree with the district court that the amendment of the Complaint in this case fit within the parameters recently articulated by us in *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111 (9th Cir. 2015).

The thrust of Broadway Grill's Complaint, before and after amendment, was that the Visa defendants engaged in anticompetitive behavior in setting the rates for interchange fees charged to merchants in violation of *California* antitrust and unfair competition laws. Broadway Grill alleged that it was a *California* corporation, that its action was premised *solely* on violations of *California law* and that Broadway Grill conducted business only in San Mateo County, *California*. Broadway Grill described the class as consisting *solely* of *California* merchants, and noted that the Visa defendants were headquartered in *California*. Broadway Grill averred that Visa's unlawful activities "occurred in and have substantially affected *California* commerce."

Finally, Broadway Grill defined the class as "[a]ll *California* individuals, businesses and other entities who accepted Visa-Branded Cards in *California*." No cause of action was pled under any federal law.

Of course, because Broadway Grill originally filed its action in state court,

1

the citizenship of the parties was irrelevant.  However, once the case was removed to federal court, an issue arose regarding whether the class included only California citizens.  The district court determined that because the language in the Complaint defining the class was imprecise, it could be fairly read to include "non-California citizens."  Specifically, the court explained that the Complaint failed to "explicitly limit the class's scope based on state citizenship."  However, the court subsequently allowed Broadway Grill to amend the Complaint to clarify the class of California citizens.  The court relied on our holding in *Benko* that "[w]here a defendant removes a case to federal court under CAFA [the Class Action Fairness Act], and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate.  789 F.3d at 1117.

The district court's reliance on this language from *Benko* was entirely warranted.  As the district court noted, Broadway Grill amended the Complaint "to explain the nature of the action for purposes of our jurisdictional analysis."  *Id*. Pre-amendment, the Complaint defined the class as "All California individuals, businesses and other entities who accepted Visa-Branded Cards."  Post-amendment, the Complaint defined the class as "All California *citizens* who are individuals, businesses and other entities who accepted Visa-Branded Cards."  The

amendment in no way changed the nature of the action against the Visa defendants. Pre-amendment and post-amendment, the Complaint asserted the exact same claim against the Visa defendants: engaging in anticompetitive behavior through setting the interchange fees charged to California merchants. The amendment was entirely consistent with our holding in *Benko* that a plaintiff "should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA." *Id*.

In *Benko*, we expressly acknowledged that pleadings originally filed in state court need not, and often do not, "address CAFA-specific issues," such as diversity of citizenship. *Id*. "By amending their complaint in these circumstances, plaintiffs can provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA." *Id*.

My colleagues in the majority conclude that the amendment was inappropriate because it "changed the definition of the class." *Majority Opinion*, p. 7. But that is exactly the type of change countenanced in *Benko*–"information required to determine whether a suit is within the court's jurisdiction under CAFA." 789 F.3d at 1117. The majority also mistakenly maintains that the amendment "changed the nature of the action." *Majority Opinion*, p. 8. However, as noted above, the nature of the action remained one of alleged anticompetitive

3

behavior in violation of California statutes. The description of the class was defined more precisely without in any way expanding or modifying the allegations underlying the asserted cause of action. Our analysis in *Benko* approves of just such an amendment, that clarifies jurisdictional facts without altering the nature of the action. *See Benko*, 789 F.3d at 1117.

Unlike my colleagues in the majority, I am not persuaded by the cases from our sister circuits. The reason is simple. All of these cases were decided on the premise that post-removal amendment to pleadings is prohibited. Rather, in these cases, jurisdiction under CAFA is "determined as of the date of the pleading giving federal jurisdiction." *Hargett v. RevClaims, LLC*, Nos. 17-1339, 1340, 2017 WL 1405034 at *3 (8th Cir. April 14, 2017); *see also In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 102 (2d Cir. 2015) (same); *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 429 (5th Cir. 2014) (same); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) (per curiam) (noting that "nothing filed after a notice of removal affects jurisdiction"). In *Benko*, we expressly and definitively disavowed reliance on this premise. We explained that the defendants urged us to conclude that "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Benko*, 789 F.3d at 1117 (citation omitted).

4

We rejected that argument and allowed amendment to clarify jurisdictional issues. *See id*. *Benko* compels our adherence to its holding rather than to the contrary approach of other circuits. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("Binding authority must be followed . . ."). By following the reasoning of out-of-circuit authority that conflicts with binding precedent in this circuit, the majority essentially engaged in a stealth reversal of *Benko*, something a three-judge panel may not legitimately do. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003).

Because the district court's ruling fits squarely within our decision in *Benko*, I would affirm the district court's decision allowing amendment of the Complaint.