RÁWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. I agree with the district court that the amendment of the Complaint in this case fit within the parameters recently articulated by us in Benko v. Quality Loan Serv. Corp., 789 F.3d 1111 (9th Cir. 2015).
The thrust of Broadway Grill’s Complaint, before and after amendment, was that the Visa defendants engaged in anti-competitive behavior in setting the rates for interchange fees charged to merchants in violation of California antitrust and unfair competition laws. Broadway Grill alleged that it was a California corporation, that its action was premised solely on violations of California law and that Broadway Grill conducted business only in San Mateo County, California. Broadway Grill described the class as consisting solely of California merchants, and noted that the Visa defendants were headquartered in California. Broadway Grill averred that Visa’s unlawful activities “occurred in and *1280 have substantially affected California commerce.”
Finally, Broadway Grill defined the class as “[a]ll California individuals, businesses and other entities who accepted Visa-Branded Cards in California.” No cause of action was pled under any federal law.
Of course, because Broadway Grill originally filed its action in state court,' the citizenship. of the parties was irrelevant. However, once the case was removed to federal court, an issue arose regarding whether the class included only California citizens. The district court determined that because the language in the Complaint defining the class was imprecise, it could be fairly read to include “non-California citizens.” Specifically, the court explained that the Complaint failed to “explicitly limit the class’s scope based on state citizenship.” However, the court subsequently allowed Broadway Grill to amend the Complaint to clarify the class of California citizens. The court relied on our holding in Benko that “[w]here a defendant removes a case to federal court under CAFA [the Class Action Fairness Act], and the plaintiffs amend the complaint to explain the nature of the action for purposes of our jurisdictional analysis, we may consider the amended complaint to determine whether remand to the state court is appropriate.” 789 F.3d at 1117.
The district court’s reliance on this language from Benko was entirely warranted. As the district court noted, Broadway Grill amended the Complaint “to explain the nature of the action for purposes of our jurisdictional analysis.” Id. Pre-amendment, the Complaint defined the class as “All California individuals, businesses and other entities who accepted Visa-Branded Cards.” Post-amendment, the Complaint defined the class as “All California citizens who are individuals, businesses and other entities who accepted Visa-Branded Cards.” The amendment in no way changed the nature of the action against the Visa defendants. Pre-amendment and post-amendment, the Complaint asserted the exact same claim against the Visa defendants: engaging in anticompetitive behavior through setting the interchange fees charged to California merchants. The amendment was entirely consistent with our holding in Benko that a plaintiff “should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA.” Id.
In Benko, we expressly acknowledged that pleadings originally filed in state court need not,' and often do not, “address CAFA-specific issues,” such as diversity of citizenship. Id. “By amending their complaint in these circumstances, plaintiffs can provide a federal court with the information required to determine whether a suit is within the court’s jurisdiction under CAFA.” Id.
My colleagues in the majority conclude that the amendment was inappropriate because it “changed the definition of the class.” Majority Opinion, p. 1277. But that is exactly the type of change countenanced in Benko—“information required to determine whether a suit is within the court’s jurisdiction under CAFA.” 789 F.3d at 1117. The majority also mistakenly maintains that the amendment “changed the nature of the action.” Majority Opinion, p. 1278. However, as noted above, the nature of the action remained one of alleged anti-competitive behavior in violation of California statutes. The description of the class was defined more precisely without in any way expanding or modifying the allegations underlying the asserted cause of action. Our analysis in Benko approves of just such an amendment, that clarifies jurisdictional facts without altering the nature of the action. See Benko, 789 F.3d at 1117.
*1281 Unlike my colleagues in the majority, I am not persuaded by the cases from our sister circuits. The reason is simple. All of these cases were decided on the premise that post-removal amendment to pleadings is prohibited. Rather, in these cases, jurisdiction under CAFA is “determined as of the date of the pleading giving federal jurisdiction.” Hargett v. RevClaims, LLC, 854 F.3d 962, 967, 2017 WL 1405034 at *3 (8th Cir. 2017); see also In Touch Concepts, Inc. v. Cellco P’ship, 788 F.3d 98, 102 (2d Cir. 2015) (same); Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C., 768 F.3d 425, 429 (5th Cir. 2014) (same); In re Burlington N. Santa Fe Ry. Co., 606 F.3d 379, 381 (7th Cir. 2010) (per curiam) (noting that “nothing filed after a notice of removal affects jurisdiction”). In Benko, we expressly and definitively disavowed reliance on this premise. We explained that the defendants urged us to conclude that “jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.” Benko, 789 F.3d at 1117 (citation omitted). We rejected that argument and allowed amendment to clarify jurisdictional issues. See id. Benko compels our adherence to its holding rather than to the contrary approach of other circuits. See Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) (“Binding authority must be followed ... ”). By following the reasoning of out-of-circuit authority that conflicts with binding precedent in this circuit, the majority essentially engaged in a stealth reversal of Benko, something a three-judge panel may not legitimately do. See Miller v. Gammie, 335 F.3d 889, 899 (9th Cir. 2003).
Because the district court’s ruling fits squarely within our decision in Benko, I would affirm the district court’s decision allowing amendment of the Complaint.